UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BRIAN RICHARD, ET AL.

VERSUS

USAA CASUALTY
INSURANCE COMPANY

CIVIL ACTION

NO. 17-175-BAJ-EWD

## **NOTICE AND ORDER**

On March 23, 2017, Garrison Property and Casualty Insurance Company ("Garrison") filed a Notice of Removal.[1] Therein, Garrison asserts that it was incorrectly referred to as "USAA Casualty Insurance Company" in a Petition for Damages filed by plaintiffs, Brian Richard and Lance Boudreaux ("Plaintiffs").[2] Garrison asserts that "Plaintiffs' lawsuit seeks damages under La. R.S. § 22:1973 and La. R.S. § 22:1892 and for alleged breach of contract in connection with a policy of insurance issued by Garrison…."[3] Garrison further asserts that this court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are completely diverse.[4]

Despite Garrison's assertion that Plaintiff has "incorrectly referred" to it as "USAA Casualty Insurance Company," 28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending." Emphasis added. In an unpublished opinion, the Fifth Circuit has stated that "[u]nder 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state

---

[1] R. Doc. 1.
[2] R. Doc. 1.
[3] R. Doc. 1, ¶ II.
[4] R. Doc. 1, ¶¶ IV-XIII.

court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings." *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (citations omitted). However, courts in this circuit have distinguished situations in which a removing party is misnamed (*i.e.*, all parties agree that the removing party is the proper defendant) and "the Court would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case." *Lefort v. Entergy Corp.*, 2015 WL 4937906, at * 3 (E.D. La. Aug. 18, 2015).

Here, Plaintiffs' Petition for Damages alleges that Brian Richard

> brought suit against Lance Boudreaux and USAA Casualty Insurance Company as his insured. Lance Boudreaux was covered by a policy of insurance with limits of $100,000. On numerous occasions, Richard offered to settle with Lance Boudreaux and USAA with a full release of Lance Boudreaux. USAA refused to settle within policy limits. Under Louisiana law, USAA has a statutory duty to settle claims and protect its insured from an excess judgment. It has failed to do that in the present action. Lance Boudreaux has assigned any rights and or causes of action he may possess for certain violations by USAA which have subjected him to an excess judgment.[5]

Based on the allegations set forth in Plaintiffs' Petition for Damages, it appears that Plaintiffs intended to name Lance Boudreaux's insurer as defendant. In its Notice of Removal, Garrison asserts that the policy at issue was "issued by Garrison to Lance Boudreaux."[6] However, Plaintiffs have asserted in other briefing submitted to this court that they "are seeking to enforce the judgment against USAA CIC" and that Garrison "is not a named party or party cast in judgment which forms the basis for this action."[7] Accordingly, it appears that the parties disagree regarding whether this is merely a case of misnaming the proper defendant.

---

[5] R. Doc. 1-2, ¶ 3.
[6] R. Doc. 1, ¶ II.
[7] R. Doc. 8, p. 1.

In its Notice of Removal, Garrison alleges that both Plaintiffs are domiciliaries of Louisiana.[8] Garrison further alleges that it is a Texas corporation with its principal place of business in Texas.[9] To the extent USAA Casualty Insurance Company is also diverse from Plaintiffs, the question of which party is the proper insurer defendant does not affect whether this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (*i.e.*, the *de facto* substitution of Garrison in the place of USAA Casualty Insurance Company – to the extent such substitution would be proper – would not result in the manufacturing of diversity in contravention of *De Jongh*).

Accordingly,

IT IS HEREBY ORDERED that within fourteen (14) days of this Notice and Order, Plaintiffs shall file a Notice of Citizenship setting out the citizenship of USAA Casualty Insurance Company.

Signed in Baton Rouge, Louisiana, on May 23, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[8] R. Doc. 1, ¶¶ IX & X.
[9] R. Doc. 1, ¶ XI.