UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| BRIAN RICHARD, ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | |
| USAA CASUALTY INSURANCE COMPANY | NO.: 17-00175-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 4)** filed by Defendant Garrison Property and Casualty Insurance Company ("Garrison:") on behalf of "incorrectly named USAA Casualty Insurance Company." Oral argument is not necessary. For the reasons that follow, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## I.  BACKGROUND

On May 16, 2012, Plaintiff Brian Ross Richard was riding as a passenger in a car driven by Plaintiff Lance Boudreaux. (Doc. 1-2 at ¶ 2). As Boudreaux attempted to execute a left-hand turn in his car, another vehicle struck Richard and Boudreaux's vehicle. (*Id.* at ¶ 2). Richard suffered severe injuries. (*Id.* at ¶ 2).

The present cause of action relates to an earlier state court lawsuit over the automobile accident. (*See id.* at ¶¶ 3–5). In that action, Richard filed suit against Boudreaux and his insurer. (*Id.* at ¶ 3). Boudreaux's insurance limit was $100,000, and Plaintiffs allege that Richard offered to settle those claims against the insurer and Boudreaux within the policy limit but that the insurer refused. (*Id.*). Richard

received a judgment of over $500,000, well in excess of Boudreaux's policy limit. (*Id.* at ¶¶ 3, 5). The insurer appealed the verdict against itself but not against Boudreaux, the insured. (*Id.* at 4).

After that judgment, Richard and Boudreaux entered into a settlement whereby Boudreaux would assign Richard any potential actions against the insurer, in exchange for Richard not pursuing Boudreaux for any amount in excess of his $100,000 policy with the insurer. (Doc. 4 at ¶ 5). In the settlement, Boudreaux also waived any right of appeal he had in connection with the $500,000 judgment against him. (*Id.*).

The present action was filed in Louisiana State Court by Richard and Boudreaux, claiming that the insurer violated Boudreaux's rights as a policyholder by (1) not settling the claim to protect Boudreaux from an excess judgment and (2) not appealing the judgment with respect to Boudreaux. (Doc. 1–2 at ¶¶ 3–5). The insurer named in the suit was USAA Casualty Insurance Company ("USAA CIC"). (*Id.* at ¶ 1). Garrison Property and Casualty Insurance Company ("Garrison") filed a timely notice of removal claiming that it was Boudreaux's actual insurer. (Doc. 1 at p. 1). In Garrison's Corporate Disclosure Statement (Doc. 7), it clarified that it is a Texas corporation that is a wholly owned subsidiary of USAA CIC, also a Texas corporation (*id.* at p. 1).[1]

---

[1] In a prior ruling, the Court determined that it had jurisdiction over the parties and allowed Defendant to file an amended notice of removal explaining the basis of the Court's jurisdiction. (Doc. 16).

Plaintiffs bring claims for violation of La. Rev. Stat. §§ 22:1973 and 22:1892 and for breach of contract for failure to appeal. (Doc. 1-2 at ¶ 5). They argue that under Louisiana Law, Boudreaux's insurer was obligated to protect him from excess judgment and under his insurance contract, was obligated to defend him on appeal. (*Id.* at ¶¶ 4–5).

## II. LEGAL STANDARD

### A. Standing

Under Federal Rule of Civil Procedure 12(b)(1), a claim is "'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). In order to "prevent[] a court without jurisdiction from prematurely dismissing a case with prejudice," a court should consider a Rule 12(b)(1) motion for lack of subject-matter jurisdiction before addressing any motions that concern the merits of a case. *Id.* at 286–87 (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

"If a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit, the defendant submits affidavits, testimony, or other evidentiary materials." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). The plaintiff must then prove that subject-matter jurisdiction exists by a

3

preponderance of the evidence by "submitting facts through some evidentiary method." *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989), *aff'd sub nom. Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990) (quoting *Paterson*, 644 F.2d at 531).

B.   **Failure to State a Claim**

When reviewing a motion to dismiss, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Hines v. Alldredge*, 783 F.3d 197, 200–01 (5th Cir. 2015) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). Even so, a complaint must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Although the complaint need not set out "detailed factual allegations," it must set forth something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. On a Rule 12(b)(6) motion, the Court may consider the pleadings, attachments to the pleadings, and "documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

4

## III. DISCUSSSION

### A. Boudreaux

Defendant argues that Boudreaux lacks standing to bring claims because he assigned his rights to Richard. (Doc. 4-1 at p.4). Plaintiffs attached a signed copy of the settlement agreement between Boudreaux and Richard. (Doc. 8-3). The agreement provides:

1) Plaintiff, Brian Richard, will have the exclusive right to recover all proceeds that may be recovered through the prosecution of the BAD FAITH ACTION. . . .

2) In consideration of Brian Richard's undertaking as set forth herein, Lance Boudreaux assigns to Brian Richard all rights, claims and causes of action Lance Boudreaux has now or may hereafter acquire against THIRD PARTY'S [sic.] related to or connected with the claim . . . . This assignment specifically includes all rights related to the BAD FAITH ACTION. . . .

. . . .

4) Any lawsuit or proceeding to enforce the rights assigned to Brian Richard will be instituted and maintained by Brian Richard in his own name and at his own expense. Lance Boudreaux agrees to execute any additional documentation reasonably required by Brian Richard to either enforce the rights assigned herein or to secure his interests in the proceeds of any action instituted against the THIRD PARTY

(Doc. 8-3 at p. 3). Under the plain terms of this agreement, Boudreaux lacks standing to bring any claims against his insurer because all causes of action were assigned to Richard. Therefore, Boudreaux's claims are DISMISSED.

B. Richard

*1. Standing*

Defendant argues that Richard lacks standing to bring a claim for breach-of-contract because Boudreaux voluntarily failed to appeal the claims against him. (Doc. 4-1 at p. 6). It alleges that Boudreaux suffered no injury because "Boudreaux voluntarily waived his right to appeal." (*Id.*). Defendant claims that Boudreaux and Richard "cannot enter into an agreement preventing any appeal, then make claims against [Defendant] because no appeal was taken." (*Id.*).

"To establish standing, a plaintiff must prove that (1) he has sustained an 'injury in fact' that is both (a) 'concrete and particularized' and (b) 'actual or imminent, not conjectural or hypothetical,' (2) there is 'a causal connection between the injury and the conduct complained of,' and (3) a favorable decision is likely to redress the injury." *Planned Parenthood of Gulf Coast, Inc. v. Gee*, 862 F.3d 445, 454 (5th Cir. 2017) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

The Court finds that Boudreaux's settlement with, and assignment of rights to, Richard does not affect Richard's standing to bring suit for breach of contract. The purported injury from the alleged failure to take an appeal is the $500,000 final judgment entered against Boudreaux; moreover, Louisiana law provides for nominal damages when a contract is breached and no actual damages are shown. *See United Pentecostal Church of Hodge v. Interstate Surplus Underwriters, Underwriters at Lloyd*, 368 So. 2d 1104, 1108 (La App. 2 Cir. 1979); *Fiesta Foods, Inc. v. Ogden,* 159

6

So. 2d 577, 585 (La. App. 1 Cir. 1963). Such damages sufficiently satisfy the injury-in-fact element of standing.

### 2. *Failure to State a Claim*

Defendant argues that Plaintiff has failed to state a claim arising out of its alleged duty to file an appeal of an excess judgment on behalf of the insured. (Doc. 4-1 at p. 5). In support of this argument, Plaintiff cites a case for the proposition that an insurer is not required to post an appeal bond for the entire excess judgment. *See Bowen v. Gov't Emps. Ins. Co.*, 83-584 (La. App. 5 Cir. 5/30/84); 451 So. 2d 1196. However, *Bowen* goes on to hold that "the insurer's duty to act in good faith requires it to assist the insured in attempting to arrange bond for the amount of the judgment in excess of the policy limits. Because of its duty to defend in good faith, the insurer cannot merely abandon the insured's interest on appeal." *Id.* at 1198. Reading the pleadings in the light most favorable to Richard, he has plausibly pleaded claims arising out of Defendant's failure to appeal the excess judgment against Boudreaux.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Motion for Partial Dismissal (Doc. 4) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff Boudreaux is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that dismissal of Plaintiff Richard's claims is **DENIED**.

Baton Rouge, Louisiana, this 22nd day of January, 2018.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**