UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


BRIAN RICHARD, ET AL.                                    CIVIL ACTION

VERSUS

USAA CASUALTY INSURANCE                          NO.: 17-CV-00175-BAJ-EWD
COMPANY


## RULING AND ORDER

Before the Court is Defendant Garrison Property and Casualty Insurance

Company's ("Garrison")[1] **Motion for Summary Judgment (Doc. 19)**. For the

following reasons, the Court DENIES Garrison's motion.

## I.    FACTUAL BACKGROUND

Brian Ross Richard ("Plaintiff") was a passenger in a vehicle owned and being

operated by Lance Boudreaux ("Boudreaux")[2]. (Doc. 1-2 at ¶ 2). On or about May 16,

2012, when Boudreaux was attempting to make a left turn, the vehicle was struck by

another vehicle driven by Patrick Gisler ("Gisler"). (Id). Plaintiff then sued Gisler,

Gisler's insurance company[3], Boudreaux, and Garrison, which issued an auto

insurance policy to Boudreaux, in state district court in Baton Rouge. (Doc. 8-1). On

---

[1] Plaintiff incorrectly refers to Defendant Garrison Property and Casualty Insurance as USAA Casualty Insurance Company in his Petition for Damages and in the case caption. For the sake of clarity, the Court shall use the correct names for the parties throughout this ruling.

[2] While originally a co-plaintiff, Lance Boudreaux was dismissed from this matter for lack of standing. (Doc. 18).

[3] Neither Gisler nor his insurance company are parties to the instant action.

1

January 29, 2016, the jury returned a verdict finding Boudreaux completely liable for the accident, and a judgment was entered against him in the amount of $434,000.00. (Id.). Boudreaux's insurance policy limit with Garrison was $100,000.00. (Doc. 1 at ¶ 3). Garrison appealed the judgement on its own behalf, but not on behalf of Boudreaux. (Doc. 20 at p. 1). Boudreaux, through a "Compromise Agreement" executed on September 9, 2016, assigned to Plaintiff the right to pursue a bad faith action against Garrison for improperly proceeding to trial as opposed to settling within policy limits in return for being absolved of personal liability for the judgment. (Doc. 8-3 at Exhibit C).

Plaintiff now brings this action against Garrison to recover from Garrison the value of the excess judgement entered against Boudreaux. (Doc. 1-2). Plaintiff alleges that he suffered significant injuries as a result of Boudreaux's negligence. (Id. at ¶ 2). Plaintiff claims that Garrison failed to meet its statutory obligation to settle within the policy limits. (Id. at ¶ 3). Plaintiff alleges that this caused Boudreaux to be subjected to excess judgement. (Id.).

Plaintiff claims that Garrison further abrogated its duties by filing an appeal of the excess judgment on its own behalf and not appealing the verdict for its insured, thereby failing to provide counsel to Boudreaux pursuant to its contractual obligation to do so. (Id. at ¶ 4 ). As such, Plaintiff argues that the judgment against Boudreaux is final and enforceable. (Id.). Plaintiff asserts violations of La. R. S. 22:1973 and La.R.S. 22:1892 as well as breach of contract for failure to provide counsel. (Id. at ¶ 5).

This matter was removed to this Court on March 23, 2017. On June 1, 2018, Garrison filed the instant motion. (Doc. 19). Plaintiff filed his opposition on July 3, 2018. (Doc. 20).

## II.   ARGUMENTS

Garrison asserts that it was entitled to litigate the underlying case rather than settle for its $100,00.00 policy limit. (Id). Garrison argues that it insured only Boudreaux, not Plaintiff, and that both Plaintiff and his attorney previously claimed that Boudreaux was not at fault for the accident. (Id. at ¶ 1). Garrison claims that because Plaintiff assured it that Boudreaux was not at fault for the accident, it was not obligated to settle within policy limits. (Id. at ¶ 2). Garrison cites *Smith v. Audubon Ins. Co.*, 95-2075 (La. 9/5/96), 679 So.2d. 372, 377 for the proposition that after an insurer has made a thorough investigation into the cause of an accident, if reasonable minds may differ about who is at fault, the insurer no longer is obligated to settle within its policy limits and may choose to litigate.

Specifically, Garrison alleges that Plaintiff's original Petition for Damages primarily focused on Gisler's alleged negligence and raised claims against Boudreaux only in the alternative. (Doc. 19-1 at p. 2). Garrison also alleges that no facts were provided to support a claim of negligence against Boudreaux in the initial Petition for Damages. (Id.).

Garrison claims that Baton Rouge City Police Officer Gabriel Walters ("Officer Walters") testified that Gisler was at fault for the accident due to "improper passing." (Id. at p. 3). Further, Garrison alleges that Plaintiff gave deposition testimony

3

wherein he asserted that Boudreaux was not at fault for the accident.[4] Garrison also

cites the opening statement prepared by Plaintiff's attorney, wherein he stated:

> . . . My client will testify that Lance Boudreaux was not at fault in this
> accident. Did everything right, didn't see anything he did wrong, and
> wasn't at fault. That's what Brian is going to testify. The police officer
> is going to testify. . .That officer is going to say Lance wasn't at fault. . .

(Doc. 19 at Exhibit H). Garrison cites to numerous other portions of trial and

deposition testimony to reinforce its argument that at every turn, all parties involved

with the accident, save for Gisler, held the opinion that Boudreaux was not at fault

for the accident. Garrison also cites the Compromise Agreement between Plaintiff

and Boudreaux as further evidence that neither party believed that Boudreaux was

at fault for the accident. (Doc. 19-1 at p. 5).

In his opposition to Garrison's Motion for Summary Judgment, Plaintiff argues

that he sued both Boudreaux and Gisler, both of their insurers, and demanded

settlements within both of their policy limits. (Doc. 20 at p. 1). Plaintiff challenges

Garrison's claim that it was entitled to try the case. Plaintiff contends that Garrison

was not forthcoming in its motion *sub judice* regarding the information that was

available to it and what it knew when making the decision to litigate the matter as

opposed to settle. (Id. at p. 2). Specifically, Plaintiff argues that:

---

[4] Q: I know you are not a lawyer, but can you tell me in terms of the facts that you recall or are aware
of in this accident what Mr. Boudreaux did wrong to cause this accident?
[OBJECTION OMITTED]
 A: I don't think he did anything wrong. (Doc. 19 at Exhibit F).

1. Garrison failed to inform Boudreaux that Gissler's insurance company offered to settle for the liability policy limits and release Boudreaux from an excess judgment. (Id.).

2. Garrison submitted the property damage claim in a binding arbitration proceeding which concluded that Boudreaux was fifty percent at fault for the accident. (Id.).

3. Garrison initially agreed with Gisler's insurer to handle the liability portion of the claim on a fifty-fifty basis. (Id.).

4. Garrison's internal documents reveal that it had determined that Boudreaux was at least 25% at fault. (Id. at p. 3).

5. Garrison estimated the value of the claim to be between $500,000 and $675,000. (Id.).

6. Garrison was aware that Boudreaux previously incorrectly identified the accident scene. (Id.).

Plaintiff argues that the aforementioned information establishes that Garrison recklessly made the decision to litigate the case as opposed to settling within policy limits, in violation of its duties to Boudreaux. (Id.). Plaintiff claims that he can show at trial that Garrison was aware that this was a comparative fault case, failed to protect Boudreaux from further liability, and did not convey pertinent information to Boudreaux. (Id.).

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). When the non-movant fails to file a memorandum in opposition to a motion for summary judgment, a court may accept as undisputed the facts that the movant submits in support of its motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Even if the motion is unopposed, the Court may not grant a motion for summary judgment unless the moving party meets its burden. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-movant fails to file a memorandum in opposition to a motion for summary judgment, a court may grant the motion if the movant's "submittals ma[k]e a prima facie showing of its entitlement to judgment." *Eversley*, 843 F.2d at 174 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Anderson*, 477 U.S. 242; *Celotex*, 477 U.S. 317).

IV.  ANALYSIS

Conveniently, both parties primarily rely on *Smith v. Audubon Ins. Co.* 95-

2057 (La. 9/5/96), 679 So.2d 372, 377, which provides:

> "[W]hen an insurer has made a thorough investigation and the evidence
> developed in the investigation is such that reasonable minds could differ
> over the liability of the insured, the insurer has the right to choose to
> litigate the claim, unless other factors, such as a vast difference between
> policy limits and the insured's total exposure, dictate a decision to settle
> the claim.

Garrison draws the Court's attention to the first half of the of the preceding

paragraph, Plaintiff emphasizes the latter half.  Plaintiff also cites *Kelly v. State*

*Farm & Casualty Company*, (La. 5/5/2015) 169 So.3d 328 wherein the Louisiana

Supreme Court set forth a non-exhaustive list of factors to analyze when determining

if an insurer acted in bad faith when deciding to proceed to trial as opposed to settling

within policy limits:

> The determination of good or bad faith in an insurer's deciding to
> proceed to trial involves the weighing of such factors, among others, as
> the probability of the insured's liability, the extent of the damages
> incurred by the claimants, the amount of the policy limits, the adequacy
> of the insurer's investigation, and the openness of communication
> between the insurer and the insured.

On summary judgement, the Court is tasked with assessing whether the party

moving for summary judgment has established that "there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a).  The Court finds that Garrison has not met this burden.

Garrison is correct in arguing that once it has conducted a thorough

investigation concerning Boudreaux's liability, if it concludes that reasonable minds

7

can differ about the potential liability, it is entitled to litigate the case. However, that right is subject to certain exceptions, including whether said investigation reveals "other factors . . . that dictate a decision to settle a claim." *Audubon* 679 So.2d at 377.

Indeed, this is a case where facts bearing on both portions of the *Audubon* test have been alleged. Plaintiff alleges that Garrison should have known that Boudreaux was likely to have been found at least between 20% and 50% at fault for the accident, and provides documentary evidence to support his claim. (Doc. 20-1). Accepting as true that Garrison's internal documents showed that there was a chance that Boudreaux could be found to be anywhere from 20% to 50% at fault for the accident, this on its face reflects that reasonable minds could, and *did* differ as to Boudreaux's potential liability, thereby establishing the first of the *Audubon* criteria in favor of Garrison.

However, other factors must be considered in this inquiry, factors which Plaintiff alleges establish that Garrison acted in bad faith when deciding to litigate the underlying matter as opposed to settling. Plaintiff references specific documents (Doc. 20-1 – 20-10) to establish that Garrison knew that a judgment far exceeding Boudreaux's policy limits could be entered against Boudreaux, and yet continued to pursue litigation as opposed to settling.

Garrison argues that when a plaintiff and the plaintiff's attorney both admit at trial that a defendant is not at fault for an accident, but later argue in the proceeding that the defendant's insurance company should be liable, it creates an absurd result not in compliance with Louisiana law. The Court disagrees. Louisiana

law requires an insurer to make a "thorough investigation" into the insured's potential exposure. *Audubon* 679 So. 2d at 377.

In *Audubon*, the Louisiana Supreme Court ultimately found that the intermediate court failed to give proper deference to the trial court's factual findings that certain statements made by two witnesses to an accident absolved the insurance company of excess judgement liability *Id.* at 377-378. The trial court found such witness testimony to have been sufficient for the insurance company to make the decision to proceed to trial in good faith. *Id.* The ruling in *Audubon* does *not*, however, establish that in all situations, insurance companies need only consider statements that the insured is not liable for the injury in order to discharge its duty to conduct a "thorough investigation." In fact, the Court in *Audubon* opined:

> Because the determination of a liability insurer's bad faith failure to settle in excess judgment cases is so fact-intensive, great deference must be accorded to the trier of fact.

*Id.* at 377. The *Audubon* Court's decision was not based on challenges to the substantive merits of the trial court's findings of fact, but on the intermediate court's failure to give proper deference to the trial court's determinations of fact. *Id.* Upon review of the record and the facts presented therein, this Court is compelled to apply the rule in *Audubon*, but comes to a different outcome than the *Audubon* trial court.

Garrison suggests that in determining whether to litigate a case, an insurance carrier may simply rely upon the statements made by the insured and the opinions of others without also conducting or considering its own research and calculations and coming to its own conclusions about its exposure. To apply such a non-rigorous

standard to the determination of potential exposure could often lead to absurd results, would increase the risk of an excess judgment against the insured, and cannot be considered a "thorough investigation."

Further, Plaintiff argues that Garrison *did* conduct such investigations, the results of which establish that Garrison improperly chose to litigate the matter as opposed to settle. While the result of litigation is not *de facto* evidence of bad faith on the part of an insurance company, it is noteworthy that the jury found Boudreaux fully liable for the accident and assigned no fault to any of the other parties. The amount of the jury verdict in this matter accentuates the inadequacy of Boudreaux's policy limits, especially in light of the documents provided by Plaintiff purporting to establish that Defendant was aware of the possibility of a verdict as high as the one entered by the jury.

Finally, conducting a "thorough investigation" is only the first step that an insurance company must take in order to discharge its duties to its insured when making the determination to litigate. Should there be other mitigating factors, such as those delineated in *Kelly*[5], a court may conclude that even if a thorough investigation was completed, or even *in light of* the results of such investigation, the insurance company still should not have proceeded to litigation.

Therefore, even in light of Garrison's argument that it had been assured multiple times by Plaintiff or Plaintiff's representatives that Boudreaux was not at

---

[5] It is also noteworthy that *Kelly*, which modifies the "thorough investigation" criteria set forth in *Audubon*, was decided nine years after *Audubon*. Thus, the *Audubon* trial court was without the benefit of the more specific criteria later set forth in *Kelly*.

10

fault for the accident, if it is determined that Garrison, through its independent research and internal documents, knew or should have known independently of Plaintiff's statements that there was a high risk of an excess judgment against Boudreaux that would far exceed the policy limit, Garrison may still be held liable.

Plaintiff has referenced and provided specific documents and deposition testimony challenging Garrison's characterization of what it knew or should have known at the time the decision was made to litigate as opposed to settle. The Court finds that Garrison has not met its burden to establish that it is entitled to summary judgment.

## V.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Garrison's **Motion for Summary Judgment (Doc. 19)** is **DENIED.**

Baton Rouge, Louisiana, this ___8th___ day of January, 2019.

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**